O

# United States District Court
# Central District of California

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE SEVEN SERVICES SPE SAN DIEGO, INC., a Virginia Corporation,<br><br>　　　　　　　Defendant. | Case No. 2:21-cv-00841-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO DISMISS [13]** |

## I.  INTRODUCTION

Plaintiff Orlando Garcia initiated this action against Defendant Apple Seven Services SPE San Diego ("Apple Seven"), which owns and operates the Courtyard by Marriott ("Marriott") located at 2100 W. Empire Avenue, Burbank, California. (First Am. Compl. ("FAC"), ECF No. 9.)  Garcia alleges that Marriott's hotel reservations website lacks sufficient accessibility information and asserts two causes of action: (1) violation of the Americans with Disabilities Act ("ADA") and (2) violation of the Unruh Civil Rights Act ("Unruh Act").  Apple Seven moves to dismiss Garcia's complaint for failure to state a claim.  (Mot. to Dismiss ("Motion" or "Mot.", ECF

No. 13.) For the reasons discussed below, the Court **GRANTS** Apple Seven's Motion.[1]

## II. BACKGROUND

Garcia has physical disabilities and uses a wheelchair, walker, or cane for mobility. (FAC ¶ 1.) In December 2020, Garcia planned on having a "staycation" and went online to book a room at Marriott. (*Id.* ¶¶ 14–16.) Garcia alleges that he was unable to make a reservation due to inadequate accessibility information on Marriott's website. (*Id.* ¶¶ 18–23.) Marriott's reservation website provides information regarding accessible amenities, facilities, and areas of the hotel, as well as descriptions of accessible rooms. (*See id.* ¶¶ 19, 22.) The reservation website describes the accessible room as having 32-inch-wide doorways, doors with lever handles, and an accessible route from the public entrance. (*Id.* ¶ 27.) The website further lists accessible amenities such as "Bathroom grab bars," "Roll-in shower," and a "Toilet seat at wheelchair height." (*Id.*) Garcia claims this information is insufficient to allow him to assess whether the room actually suits his accessibility needs. (*Id.* ¶¶ 23–29.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. JUDICIAL NOTICE

In connection with the Motion, Apple Seven requests the Court take judicial notice of several documents, including images of Marriott's accessible amenities section on its website home page and the description of the accessible hotel room as it appears on the reservation site. (Def.'s Req. for Judicial Notice ¶¶ 1–2, Exs. 1 ("Accessible Amenities"), 2 ("Accessible Room Description"), ECF No. 13-2.)

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." Fed. R. Evid. 201(b). Courts may also take judicial notice of "publicly accessible websites." *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (finding district court correctly considered publicly-available websites where "Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint.").

Here, Exhibits 1 and 2 are publicly accessible webpages that Garcia quotes in his FAC and are directly related to matters at issue in this case. Thus, to the extent the Court relies on Exhibits 1 and 2, it takes judicial notice of them. However, the Court denies Apple Seven's request for judicial notice as to its other proffered documents, as the Court does not rely on them to resolve this Motion.

## V. DISCUSSION

Garcia asserts two causes of action against Apple Seven for violation of 28 C.F.R. section 36.302(e) ("Reservations Rule") under the ADA, and violation of the Unruh Act. (*See* FAC ¶¶ 35–42.) As discussed below, Garcia fails to state a claim against Apple Seven for violation of the Reservations Rule, and the Court declines to exercise supplemental jurisdiction over his Unruh Act claim.

### A. Americans with Disabilities Act (Claim One)

Garcia argues Marriott's reservation system violates the ADA's Reservation Rule by failing to describe the hotel's accessibility information with enough specificity to allow him to determine whether the hotel's public spaces and guestrooms suit his particular needs. (*See generally id.*) Specifically, Garcia points to a lack of information regarding guestroom entrances; maneuvering space at the bed, toilet, sink, and bath; and accessible areas in the hotel. Apple Seven contends its website complies with the ADA, as interpreted by the Department of Justice's 2010 guidance ("DOJ 2010 Guidance"). (Mot. 7–10.)

The relevant portion of the ADA states, "a place of lodging shall . . . [i]dentify and describe accessible features in the hotels and guest rooms offered through its

reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R § 36.302(e)(1)(ii). The DOJ 2010 Guidance analyzes this section and clarifies that "a reservations system is not intended to be an accessibility survey," and that, "[b]ecause of the wide variations in the level of accessibility that travelers will encounter[,] . . . it may be sufficient to specify that the hotel is accessible" and provide basic facts about each accessible room. *Id*. The DOJ 2010 Guidance goes on to provide, "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient . . . , for each accessible room, to describe the general type of room . . . , the size and number of beds . . . , [and] the type of accessible bathing facility." 28 C.F.R. § Pt. 36, App. A, Section 36.302(e) Hotel Reservations.

Marriott's reservations website satisfies the articulated standard. On its website, Marriott lists the accessible hotel areas and amenities and describes the available accessible hotel rooms. The room description lists the room as "accessible" and includes the size and number of beds (one king bed) and the type of accessible bathing facility (roll-in showers). (*See, e.g.*, Accessible Room Description.) The Court finds that, based on the allegations in Garcia's FAC and the judicially noticed documents, the descriptions provided on Marriott's website are sufficient to comply with the ADA.

Garcia argues that merely stating something is "accessible" is conclusory and does not provide enough information for an independent assessment, particularly when it comes to the specific information that is important to him, such as the amount of maneuvering space. (*See* Compl. ¶ 24.) However, courts have found that describing something as "accessible" is sufficient because "accessible" is a term of art used by the ADA Accessibility Guidelines to describe ADA-compliant facilities. *See Garcia v. Gateway Hotel*, No. CV 20-10752-PA (GJSx), 2021 WL 936176 at *4 (C.D. Cal. Feb. 25, 2021) (collecting cases) (finding the use of term "accessible" is

not conclusory because it means that those features of the hotel comply with ADA guidelines), *appeal filed*, No. 21-55227 (9th Cir. Mar. 10, 2021). The Court agrees that "stating that the room is 'accessible' by definition means that the room complies with the ADA requirements." *See id.*

Accordingly, the Court finds that Marriott's website complies with the ADA and the Reservation Rule as a matter of law, and Garcia therefore fails to state a claim for violation of the ADA. As the Court finds Marriott's website ADA-compliant, any amendment would be futile, and the Court **DISMISSES** the ADA claim with prejudice.

## B. Unruh Civil Rights Act (Claim Two)

A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Garcia's ADA claim provided the only basis for original jurisdiction. As the Court has dismissed Garcia's ADA claim, it declines to exercise supplemental jurisdiction over his remaining state law claim. Accordingly, Garcia's second cause of action is **DISMISSED** without prejudice.

///
///
///

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Apple Seven's Motion to Dismiss. (ECF No. 13.) The Court **DISMISSES** the ADA claim with prejudice. The Court declines to exercise supplemental jurisdiction over the Unruh Act claim and **DISMISSES** that claim without prejudice. The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

August 11, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE