O

# United States District Court
# Central District of California

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE SEVEN SERVICES SPE SAN DIEGO, INC.,<br><br>    Defendant. | Case № 2:21-CV-00841-ODW (PVC)<br><br>**ORDER GRANTING IN PART AND DENYING AS MOOT MOTION FOR ATTORNEYS' FEES OR IN THE ALTERNATIVE, SANCTIONS [22]** |

## I.  INTRODUCTION

Defendant Apple Seven Services SPE San Diego, Inc. ("Apple Seven") moves to recover attorneys' fees or, in the alternative, sanctions from Plaintiff Orlando Garcia, in the amount of $16,463.65. (Mot. Att'y Fees/Sanctions ("Mot." or "Motion"), ECF No. 22.) Garcia opposes. (Pl.'s Opp'n Mot., ECF No. 25.) For the reasons discussed below, the Court **GRANTS** the Motion and awards Apple Seven $15,273.65 in attorneys' fees.[1]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Apple Seven owns and operates a Courtyard by Marriott hotel ("Marriott"). (First Am. Compl. ("FAC") ¶ 2, ECF No. 9.)  Garcia initiated this action against

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Apple Seven alleging that Marriott's hotel reservations website lacked sufficient accessibility information, in violation of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (FAC ¶¶ 35–42.) On August 11, 2021, the Court granted Apple Seven's Motion to Dismiss, dismissing Garcia's ADA claim on the merits with prejudice and the Unruh Act claim without prejudice. (Order Granting Mot. Dismiss ("Order"), ECF No. 17.) Specifically, the Court found that the description of an "accessible room" on Marriott's website was compliant with ADA requirements. (*Id.* at 6.)

Garcia brought virtually identical lawsuits against Marriott and other hotels regarding accessibility information on the hotels' websites. Many, if not most, of those cases have been dismissed by district courts. (*See* Mot., Ex. 1 ("Master List Of Dismissed Website Accessibility Cases").) In light of the abundance of nearly uniform dismissals, Apple Seven contends this suit was frivolous, vexatious, unreasonable, and brought in bad faith. (Mot. 12–18.) Thus, Apple Seven filed the instant Motion seeking $16,463.65 in attorneys' fees or, alternatively, sanctions pursuant to Federal Rule Civil Procedure ("Rule") 11. (*Id.* at 20.)

### III.   LEGAL STANDARD

The ADA provides that "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. "When the prevailing party is the defendant, attorneys' fees should be awarded 'only if the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Garcia v. Guadalupe Alcocer & Digit. Currency Servs., Inc.*, No. CV 08419-VAP (JEMx), 2022 WL 495051, at *1 (C.D. Cal. Jan. 19, 2022) (quoting *Brown v. Lucky Stores,* 246 F.3d 1182, 1190 (9th Cir. 2001)). "The purpose of awarding fees to a prevailing defendant is 'to deter the bringing of lawsuits without foundation.'" *Id.* (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016)).

## IV. DISCUSSION

In its Motion, Apple Seven contends that it is entitled to attorneys' fees because this action was frivolous, vexatious, groundless, and was filed in bad faith. (Mot. 12–16.) Apple Seven alternatively moves for sanctions under Rule 11, 28 U.S.C. § 1927. (*Id.* at 20–25.) The Court does not reach the question of sanctions because it finds attorneys' fees justified under § 12205.[2]

### A. Frivolous, Unreasonable, or Groundless

The Court first considers whether Garcia's claims were frivolous. "A[n] [ADA] plaintiff should not be assessed his opponent's attorneys' fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)). Under the ADA, attorneys' fees are appropriately awarded to a prevailing defendant where a plaintiff pursues a frivolous or "burdensome litigation having no legal or factual basis." *Whitaker v. 370 N. Canon Drive, LP*, No. CV 19-02918-CJC (GJSx), 2020 WL 6130139, at *1 (C.D. Cal. Oct. 8, 2020) (quoting *Christiansburg*, 434 U.S. at 420) *aff'd*, No. 20-56068, 2021 WL 4892168 (9th Cir. Oct. 20, 2021). Generally, a case may be "deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotation marks omitted); *see also Amphastar Pharms. Inc. v. Aventis Pharma SA*, No. EDCV-09-0023 MJG, 2017 WL 10543563, at *8 (C.D. Cal. Nov. 20, 2017) (finding the plaintiff's claim was frivolous because the plaintiff "had no reasonable foundation on which to bring the suit" and "knew or should have known that the Court would not have jurisdiction"). Courts may consider a plaintiff's litigation history to determine whether an action was frivolous or unreasonable. *See Guadalupe Alcocer*, 2022 WL 495051, at *3; *Strojnik*

---

[2] 42 U.S.C. § 12205 provides, "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

*v. 1017 Coronado, Inc.*, No. 19-cv-02210-BAS (MSB), 2021 WL 120899, at *3 (S.D. Cal. Jan. 13, 2021) (finding that the conduct of filing lawsuits plaintiff knows will be dismissed is frivolous, unreasonable, and groundless).

Here, the Court dismissed Garcia's action for failure to state a claim for violation of the ADA. (Order 7.) Dismissal for a failure to state a claim does not by itself make a claim frivolous or unreasonable. However, the Court considers Garcia's litigation history as a whole to support its finding that this action was frivolous.

That litigation history demonstrates that Garcia knew that merely describing a hotel room as "accessible" is legally sufficient to support ADA compliance. Specifically, Garcia has filed numerous complaints against hotels alleging claims that are similar if not identical to those in this action. For example, in February 2021, Judge Percy Anderson of the Central District of California dismissed Garcia's action against Gateway Hotel, L.P. for failure to state a claim that Gateway's website violated the ADA. *See Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx), 2021 WL 936176, at *5 (C.D. Cal. Feb. 25, 2021). Garcia's complaint in that case is almost identical to the Complaint filed in this action. (*Compare* FAC ¶¶ 1, 12–14, 16, 21–25, 30,) *with Gateway,* 2021 WL 936176, at *1–2. And in that case, the court dismissed Garcia's complaint before Garcia filed the First Amended Complaint in this case, providing Garcia with ample opportunity to correct the same deficiencies when amending the operative complaint here.

In April 2021, Judge John A. Mendez in the Eastern District of California dismissed Garcia's substantially similar action against E.L. Heritage Inn of Sacramento LLC, where Garcia yet again alleged the same ADA violation based on the hotel's website. *See Garcia v. E.L. Heritage Inn of Sacramento*, *LLC*, No. 2:20-cv-02191-JAM (AC), 2021 WL 1253346, at *1–2 (E.D. Cal. Apr. 5, 2021). Also in April 2021, Judge George H. Wu in the Central District of California dismissed Garcia's similar action against WH Manhattan Beach, another Courtyard by Marriot hotel, for failure to state the same ADA claim concerning the hotel's website.

*Garcia v. WH Manhattan Beach L.P.*, No. 2:20-cv-11698-GW (JEMx), 2021 WL 4260661, at *6 (C.D. Cal. Apr. 29, 2021).

Those lawsuits above were all dismissed by detailed orders, based on the same specific reasoning that the hotels in question did not violate the ADA because their respective websites provided for "accessible" rooms, which by definition means ADA-compliant. Specifically, those dismissal orders cite the Department of Justice's 2010 guidance on compliance with the ADA for hotel reservations (the "DOJ 2010 Guidance"). "Because of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and provide basic facts about accessible rooms. *WH Manhattan Beach*, 2021 WL 4260661, at *5; *see also Gateway Hotel*, 2021 WL 936176, at *4; *Heritage Inn*, 2021 WL 1253346, at *2 (quoting DOJ Guidance). Thus, Garcia was on notice of the DOJ guidelines and the policies cited therein and knowingly filed multiple actions in direct contradiction to those policies.

Additionally, Garcia knew or should have known that this case would also be dismissed for failure to state a claim, like the other dismissed cases, because the dismissals in those cases notified Garcia of the law regarding ADA hotel reservation website requirements. Nevertheless, Garcia continued to use litigation to baselessly target hotel websites that are ADA-compliant. The many dismissals Garcia has suffered from multiple courts provided him with notice that if he presented the same claims for the same issues, following the same fact patterns and without additional support, then the action would be dismissed. Yet, Garcia proceeded to do so, inflicting needless burdens on the courts.

Garcia's conduct of filing meritless lawsuits against hotels with ADA-compliant websites convincingly demonstrates that the present action is both frivolous and unreasonable. *See Strojnik*, 2021 WL 120899, at *4 (finding the action frivolous because the plaintiff filed numerous unsuccessful lawsuits with similar allegations and therefore should have known that additional actions based on the same allegations

would be dismissed for the same reasons). Accordingly, the Court concludes that Apple Seven is entitled to attorneys' fees under § 12205.

**B.    Reasonable Attorneys' Fees**

Apple Seven seeks $16,463.65 in attorneys' fees. (Mot. 20.) This figure is based on Apple Seven's attorney having worked 27.65 hours at a rate of $595/hour, plus an anticipated additional two hours of work related to this Motion. (*Id.*) For the following reasons, the Court finds Apple Seven is entitled to $15,273.65 in attorneys' fees for the 27.65 hours already worked but is not entitled to recover for the anticipated two additional hours of work.

In ADA cases, courts calculate attorneys' fees using the lodestar approach. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *370 N. Canon Drive*, 2020 WL 6130139, at *4 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

Once the court has calculated the lodestar, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted). There is a strong presumption, however, that the lodestar figure represents a reasonable fee. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986)). Using the lodestar method, the Court must determine whether the hourly rate and the number of hours expended are reasonable.

1.    *Reasonable Rate Charged*

The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*,

470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 502. The district court may rely on its own knowledge of customary rates and its familiarity with the legal market to determine a reasonable and proper fee. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, Apple Seven's attorney, Philip Stillman, requests a rate of $595 per hour. Attorney Stillman has been a civil litigator in California for thirty years. (Decl. Philip Stillman ("Stillman Decl.") ¶ 9, ECF No. 22-2.) He provides a copy of the Mid-Year 2020 "Real Rate Report" for the Los Angeles area, listing hourly rates for litigation attorneys with the same level of experience. (*Id.* Ex. 2 ("2020 Real Rate Report").) Based on this Report and his own research, Attorney Stillman determined that the average hourly rate for litigation partners in Los Angeles with more than twenty-one years of experience is $797—well above his requested rate of $595. (*Id.*) Attorney Stillman further notes that the U.S. District Court for the Northern District of California recently awarded him a rate of $550 per hour, in an ADA action. (*Id.*) However, the Northern District of California is not the "relevant community." *See Barjon*, 132 F.3d at 500. The Central District of California is.

In this District, Judge Virginia Phillips recently found $500 per hour in a similar ADA action as a reasonable rate for an attorney with experience similar to that of Attorney Stillman. *See Guadalupe Alcocer*, 2022 WL 495051, at *5 ("Given counsel's extensive litigation experience over the course of forty years, with nearly twenty years of specialized work on ADA cases, the Court concludes his hourly rate of $500 is reasonable and consistent with customary rates in the legal market of the Central District of California."). And because Garcia does not object to Attorney Stillman's requested rate, this Court finds Judge Phillips's assessment of a reasonable

rate in similar circumstances persuasive. Thus, the Court finds that $595 is a reasonable hourly rate.

### 2. Reasonable Hours Worked

In determining the reasonableness of the number of hours expended, the Court must examine detailed time records to determine whether the hours claimed are adequately documented and whether any of them are unnecessary, duplicative, or excessive. *See Hensley*, 461 U.S. at 433–34. The Court, due to its familiarity with the case, is in the best position to evaluate the reasonableness of the hours requested. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

Here, Apple Seven requests attorneys' fees for a total of 27.67 hours worked. (Stillman Decl. ¶ 12.) In support of this total, Attorney Stillman provides an invoice with a detailed breakdown of the 25.67 hours worked from January 28, 2021, to August 25, 2021. (*Id.* Ex. 1 ("Invoice").) The Invoice includes time spent drafting and reviewing emails between Attorney Stillman and Apple Seven, editing and preparing the Motion at hand, preparing the previous Motion to Dismiss, preparing the initial Notice of Removal, and other tasks completed in defense of this case. (*See* Invoice.) Moreover, the Invoice adequately describes each task, the relevant dates, and the amount of time expended per task. (*Id.*) Attorney Stillman even notes that because he has so many of these ADA cases, the number of hours he spends preparing briefs and motions are significantly fewer than would otherwise be required. (Stillman Decl. ¶ 11.) Although Attorney Stillman has litigated many ADA cases, and the briefs and motions filed in this case may be similar to filings in his other cases, the Court finds none of the charges here are duplicative, unnecessary, or excessive. The time expended on each task is reasonable. Thus, the Court finds the 25.67 hours Attorney Stillman expended on this case reasonable.

Attorney Stillman also requests an additional two hours for the work he "anticipate[d]" spending to prepare a Reply memorandum and preparing for the hearing on this Motion. (*Id.* ¶ 13.) However, Apple Seven did not submit a Reply

memorandum in support of this Motion and the Court did not hold a hearing. (*See* ECF No. 26 (vacating the hearing and taking the Motion under submission without oral argument).)  Accordingly, the Court disregards the requested additional two hours.

Multiplying the 25.67 hours spent defending this case by the reasonable hourly rate of $595, the Court awards Apple Seven a total of $15,273.65 in attorneys' fees.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Apple Seven's Motion for Attorneys' Fees and Orders Garcia to pay $15,273.65 in attorneys' fees. (ECF No. 22.)

**IT IS SO ORDERED.**

March 21, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**